IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD STEELE,

    Plaintiff,                       No. CIV S-10-794 JFM (TEMP)

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.                     ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment or remand, deny the Commissioner's cross-motion for summary judgment, and remand the case under sentence four of 42 U.S.C. § 405(g) for further proceedings.

I. Factual and Procedural Background

        In a decision dated April 20, 2009, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability

1

Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of chronic lumbar strain, asthma, and right shoulder pain, but these impairments do not meet or medically equal a listed impairment; plaintiff has the residual functional capacity to perform light work and is further limited to occasional climbing of stairs and ladders, stoop, bend, crouch and occasionally reach overhead bilaterally, and must avoid concentrated exposure to dust, fumes, or smoke; plaintiff cannot perform his past relevant work; there are jobs that exist in significant numbers in the national economy that plaintiff can perform; and plaintiff is not disabled. Administrative Transcript ("AT") 10-20. Among other errors, plaintiff contends the ALJ improperly disregarded third party statements of plaintiff's relatives and friends. This contention is dispositive.

II. <u>Standard of Review</u>

---

is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. <u>See</u> 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id</u>.

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

Plaintiff asserts the ALJ committed reversible error by failing to discuss third party witness statements. Several witness statements, from plaintiff's wife, children, mother and friends, were submitted to the ALJ. AT 179-187. The ALJ conceded at the hearing that she had not reviewed plaintiff's brief and the attached witness statements prior to the hearing. AT 32. Nowhere in the ALJ's decision is a discussion or even acknowledgment of these statements. AT 8-20.

3

"[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent to testify to condition); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006). Persons who see the claimant on a daily basis are competent to testify as to their observations. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999); Dodrill, 12 F.3d at 918-19. The mere fact that a lay witness is a relative of the claimant cannot be a ground for rejecting the witness's testimony. Regennitter, 166 F.3d at 1298; Smolen, 80 F.3d at 1289. Nor does the fact that medical records do not corroborate the testimony provide a proper basis for rejecting such testimony. Smolen, 80 F.3d at 1289. It is especially important for the ALJ to consider lay witness testimony from third parties where a claimant alleges symptoms not supported by medical evidence in the file and the third parties have knowledge of the claimant's daily activities. 20 C.F.R. § 404.1513(e)(2); SSR 88-13. "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919; see also Stout v. Commissioner SSA, 454 F.3d 1050, 1056 ((9th Cir. 2006) (where ALJ fails to properly discuss competent lay testimony favorable to plaintiff, court cannot consider error to be harmless unless it can confidently conclude no reasonable ALJ, when fully crediting testimony, could have reached different disability determination).

The ALJ's determination that plaintiff is not disabled was central to the finding that plaintiff's subjective complaints are not credible. Some of the considerations in making the credibility finding were based on valid factors, such as plaintiff's conservative medical treatment. The third party statements, however, undermine the ALJ's credibility finding and the court cannot find the failure to address this evidence to be harmless error. The third party statements are remarkably consistent in their description of plaintiff being limited in his physical

4

functioning in a manner which is indicative of a sedentary residual functional capacity. Such activities are inconsistent with the light residual functional capacity assessed by the ALJ. Moreover, despite indicating in the hearing that she would do so, the ALJ failed to obtain a residual functional capacity assessment from plaintiff's treating physician, Dr. Rollins, or to obtain an updated consultative examination from an orthopedist. AT 40-41, 192. Given the incomplete record and the apparent utter disregard by the ALJ of the third party statements, the court cannot confidently conclude that no reasonable ALJ, when fully crediting the third party evidence, could not have reached a different disability determination. The matter will therefore be remanded. On remand, the ALJ must discuss this relevant evidence and if discredited, set forth germane reasons for doing so.

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand (Doc. No. 17) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 19) is denied; and

3. This matter is remanded for further proceedings consistent with this order.

DATED: July 11, 2011.

UNITED STATES MAGISTRATE JUDGE

JMM
steele.ss